UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED
Dec 29, 2011
DEC 2 9 2011
mp
MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

Melissa Buford )
)
)
)
_____ )
(Name of the plaintiff or plaintiffs) ) CIVIL ACTION
)
)
v. )
) 11cv9261
Oakton Community College ) Judge Guzman
Donna Younger, Gregory James ) Mag. Judge Brown
Wendy Yanow, Ramona Ellyin )
(Name of the defendant or defendants) )

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is __Melissa Buford__ of the county of __Cook__ in the state of _____.

3. The defendant is __Oakton Community College__, whose street address is __1600 E. Golf Road__,
(city) __Des Plaines__ (county) __Cook__ (state) __IL.__ (ZIP) __60016__
(Defendant's telephone number) __(847) - 635-1600__

4. The plaintiff sought employment or was employed by the defendant at (street address)
__7701 N. Lincoln__ (city) __Skokie__
(county) __Cook__ (state) __IL.__ (ZIP code) __60077__

5. The plaintiff [*check one box*]

    (a) ☐ was denied employment by the defendant.

    (b) ☐ was hired and is still employed by the defendant.

    (c) ☒ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month)____10____, (day)____1____, (year)__2008__.

7.1 *(Choose paragraph 7.1 or 7.2, do not complete both.)*

    (a) The defendant is not a federal governmental agency, and the plaintiff [*check one box*] ☐ *has not* ☒ *has* filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

        (i) ☐ the United States Equal Employment Opportunity Commission, on or about (month)_____ (day)_____ (year)_____.

        (ii) ☒ the Illinois Department of Human Rights, on or about (month)_____ (day)_____ (year)_____.

    (b) If charges *were* filed with an agency indicated above, a copy of the charge is attached. ☒ YES. ☐ NO, **but plaintiff will file a copy of the charge within 14 days.**

It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2     The defendant is a federal governmental agency, and

    (a) the plaintiff previously filed a Complaint of Employment Discrimination with the defendant asserting the acts of discrimination indicated in this court complaint.

☐ Yes (month) **NA** (day) **NA** (year) **NA**

☐ No, did not file Complaint of Employment Discrimination

(b) The plaintiff received a Final Agency Decision on (month) **NA** (day) **NA** (year) **NA**.

(c) Attached is a copy of the

(i) Complaint of Employment Discrimination, **NA**

☐ YES  ☐ NO, but a copy will be filed within 14 days.

(ii) Final Agency Decision **NA**

☐ YES  ☐ NO, but a copy will be filed within 14 days.

8. *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a) ☐ the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue.*

(b) ☒ the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month) **10** (day) **9** (year) **2011** a copy of which *Notice* is attached to this complaint.

9. The defendant discriminated against the plaintiff because of the plaintiff's *[check only those that apply]*:

(a) ☐ Age (Age Discrimination Employment Act).

(b) ☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

3

    (c) ☒ Disability (Americans with Disabilities Act or Rehabilitation Act)

    (d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

    (e) ☒ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

    (f) ☒ Religion (Title VII of the Civil Rights Act of 1964)

    (g) ☐ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12. The defendant [*check only those that apply*]

    (a) ☐ failed to hire the plaintiff.

    (b) ☒ terminated the plaintiff's employment.

    (c) ☐ failed to promote the plaintiff.

    (d) ☐ failed to reasonably accommodate the plaintiff's religion.

    (e) ☐ failed to reasonably accommodate the plaintiff's disabilities.

    (f) ☒ failed to stop harassment;

    (g) ☒ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

    (h) ☐ other (specify):_____

_____
_____
_____
_____

13. The facts supporting the plaintiff's claim of discrimination are as follows:

I was treated differently than other employees in similar situations. I was called names of a derogatory nature by superiors. I was forced out of a job, that I did well. I was slandered and lied to and lied on (I received apologies from manager for this) I was bullied by my superiors. Several incidences include documentation. Most discriminatory acts were based on them finding out about my disability.

14. [*AGE DISCRIMINATION ONLY*] Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☒ YES ☐ NO

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

(a) ☐ Direct the defendant to hire the plaintiff.

(b) ☒ Direct the defendant to re-employ the plaintiff.

(c) ☐ Direct the defendant to promote the plaintiff.

(d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

(e) ☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f) ☐ Direct the defendant to (specify): _____

_____

_____

_____

_____

(g)[X]  If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h)[X]  Grant such other relief as the Court may find appropriate.

(Plaintiff's signature)

*Melissa Buford*

(Plaintiff's name)

Melissa Buford

(Plaintiff's street address)

1407 Seward St. #B

_____

(City) Evanston   (State) IL.   (ZIP) 60202

(Plaintiff's telephone number) (224) - 234 - 0284

Date: 12/29/11

## DISMISSAL AND NOTICE OF RIGHTS

To: **Melissa Buford**
1347 W Estes #F4
Chicago, IL 60626

**FIRST CLASS MAIL**

From: **Chicago District Office**
500 West Madison St
Suite 2000
Chicago, IL 60661

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2010-02478 | Armernola P. Smith, State & Local Coordinator | (312) 869-8082 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

*John P. Rowe/mjh*

**John P. Rowe,
District Director**

September 30, 2011
(Date Mailed)

Enclosures(s)

cc: **OAKTON COMMUNITY COLLEGE**
1600 E Golf Road
Des Plaines, IL 60016

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.<br># 10M0302.18 | AGENCY<br>☒ IDHR<br>☐ EEOC | CHARGE NUMBER<br>2010CF4174 |
|---|---|---|

### Illinois Department of Human Rights and EEOC

| NAME OF COMPLAINANT (indicate Mr. Ms. Mrs)<br>Ms. Melissa Buford | | TELEPHONE NUMBER (include area code)<br>(847) 424-0945 | |
|---|---|---|---|
| STREET ADDRESS<br>1458 Chicago Avenue | CITY, STATE AND ZIP CODE<br>Evanston, Illinois 60201 | | DATE OF BIRTH<br>/ /<br>M D YEAR |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME OF RESPONDENT<br>Oakton Community College | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE (Include area code)<br>(847) 635-1600 | |
|---|---|---|---|
| STREET ADDRESS<br>1600 East Golf Road | CITY, STATE AND ZIP CODE<br>Des Plaines, Illinois 60016 | | COUNTY<br>Cook |

| CAUSE OF DISCRIMINATION BASED ON:<br><br>Race   Retaliation   Disability | DATE OF DISCRIMINATION<br>EARLIEST (ADEA/EPA)   LATEST (ALL)<br>/ /            12/23/09<br>☐ CONTINUING ACTION |
|---|---|

THE PARTICULARS OF THE CHARGE ARE AS FOLLOWS:

I.  A.  **ISSUE/BASIS**
    HARASSMENT – OCTOBER 20, 2009, BECAUSE OF MY RACE, BLACK

   B.  **PRIMA FACIE ALLEGATIONS**
   1. My race is black.

   2. On October 20, 2009, I was harassed by Wendy Yanow (white), Supervisor, Gregory James (black) co-worker and Ramona Ellyin (white), co-worker. The harassment by Yanow consisted of criticizing me for wearing my personal style of clothing to work. The harassment by James consisted of calling me dense. The harassment by Ellyin consisted of suggesting that I was not good at the job I was doing and she also spread a rumor that I cursed a new employee.

   3. Similarly situated non-black employees were not treated in this manner.

Page 1 of 4

---

I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

SUBSCRIBED AND SWORN TO BEFORE ME
THIS 4th DAY OF August, 2010

_[signature]_
NOTARY SIGNATURE

OFFICIAL SEAL
KRYSTAL ROGERS
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 11/16/10

x _Melissa Buford_     8/4/10
SIGNATURE OF COMPLAINANT     DATE

I declare under penalty that the foregoing is true and correct

Charge Number: 2010CF4174
Complainant: Melissa Buford
Page 2 of 4

II.    A.    ISSUE/BASIS
HARASSMENT – OCTOBER 20, 2009, BECAUSE OF MY DISABILITY, POST TRAUMATIC STRESS DISORDER (PTSD)

       B.    PRIMA FACIE ALLEGAITONS
1. I am an individual with a disability as defined by the Illinois Human Rights Act.

2. Respondent was aware of my disability.

3. On October 20, 2009, I was harassed by Wendy Yanow (white), Supervisor, Gregory James (black) co-worker and Ramona Ellyin (white), co-worker. The harassment by Yanow consisted of criticizing me for wearing my personal style of clothing to work. The harassment by James consisted of calling me dense. The harassment by Ellyin consisted of suggesting that I was not good at the job I was doing and she also spread a rumor that I cursed a new employee.

4. Similarly situated employees who do not have a disability were not treated in this manner.

III.    A.    ISSUE/BASIS
HARASSMENT – OCTOBER 20, 2009, BECAUSE OF MY DISABILITY, DEPRESSION

       B.    PRIMA FACIE ALLEGAITONS
1. I am an individual with a disability as defined by the Illinois Human Rights Act.

2. Respondent was aware of my disability.

3. On October 20, 2009, I was harassed by Wendy Yanow (white), Supervisor, Gregory James (black) co-worker and Ramona Ellyin (white), co-worker. The harassment by Yanow consisted of criticizing me for wearing my personal style of clothing to work. The harassment by James consisted of calling me dense. The harassment by Ellyin consisted of suggesting that I was not good at the job I was doing and she also spread a rumor that I cursed a new employee.

4. Similarly situated employees who do not have a disability were not treated in this manner.

Charge Number: 2010CF4174
Complainant: Melissa Buford
Page 3 of 4

IV. A. ISSUE/BASIS
DISCHARGE - DECEMBER 23, 2009, BECAUSE OF MY DISABLITY, DEPRESSION

B. PRIMA FACIE ALLEGAITONS
1. I am an individual with a disability as defined by the Illinois Human Rights Act.

2. Respondent was aware of my disability.

3. My job performance as learning center assistant met Respondent's expectations. I was hired on August 16, 2006.

4. On December 23, 2009, I was discharged by Donna Younger (no-known disability), Director. The reason given for discharge was reorganization.

5. My disability is unrelated to my ability to perform the essential functions of my job.

V. A. ISSUE/BASIS
DISCHARGE - DECEMBER 23, 2009, BECAUSE OF MY DISABLITY, POST TRAUMATIC STRESS DISORDER (PTSD)

B. PRIMA FACIE ALLEGAITONS
1. I am an individual with a disability as defined by the Illinois Human Rights Act.

2. Respondent was aware of my disability.

3. My job performance as learning center assistant met Respondent's expectations. I was hired on August 16, 2006.

4. On December 23, 2009, I was discharged by Donna Younger (no known disability), Director. The reason given for discharge was reorganization.

5. My disability is unrelated to my ability to perform the essential functions of my job.

Charge Number: 2010CF4174
Complainant: Melissa Buford
Page 4 of 4

VI.  A.    ISSUE/BASIS
              DISCHARGE - DECEMBER 23, 2009, BECAUSE OF MY RACE, BLACK

     B.    PRIMA FACIE ALLEGAITONS
         1. My race is black.

         2. My job performance as learning center assistant met Respondent's expectations. I was hired on August 16, 2006.

         3. On December 23, 2009, I was discharged by Donna Younger (white), Director. The reason given for discharge was reorganization.

         4. My job performance was comparable to that non-black employees who were not discharged.

VII.  A.   ISSUE/BASIS
             DISCHARGE - DECEMBER 23, 2009, IN RETALIATION FOR OPPOSING UNLAWFUL DISCRIMINATION

     B.    PRIMA FACIE ALLEGAITONS
         1. In 2009, I engaged in a protected activity when I reported to Respondent that I heard Donna Younger call an African American female employee a bitch .

         2. My job performance as learning center assistant met Respondent's expectations. I was hired on August 16, 2006.

         3. On December 23, 2009, I was discharged by Donna Younger (white), Director. The reason given for discharge was reorganization.

         4. The discharge followed my participation in a protected activity within in such a period of time as to raise an inference of retaliatory motivation.

MFP/amm