# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 9261 | **DATE** | 11/27/2012 |
| **CASE TITLE** | *Buford v. Oakton Community College, et al.* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the motion to dismiss [24-1] is granted in part and denied in part.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Melissa Buford sued her former employer, Oakton Community College ("College"), and two of its employees, Donna Younger and Wendy Yanow[1], for employment discrimination based on her disabilities (post-traumatic stress disorder and depression), race (African American) and religion. She claims that she was "treated differently than other employees in similar situations," "called names of a derogatory nature," "forced out of a job" and slandered and bullied by her superiors. (Compl., Dkt. # 9, at 5.) She further alleges that she was retaliated against when she complained about the purported discrimination. The defendants have moved to dismiss the complaint. For the reasons stated below, the motion to dismiss [24-1] is granted in part and denied in part.

A.   Failure to Exhaust

The defendants first assert that Buford's claims under Title VII and the Americans with Disabilities Act ("ADA") must be dismissed for failure to exhaust. Specifically, Buford filed a charge of discrimination with the Illinois Department of Human Rights ("IDHR") on February 5, 2010, which was cross-filed with the Equal Employment Opportunity Commission ("EEOC"). In that charge, Buford alleged that she has been harassed and discharged because of her race and disabilities and was discharged in retaliation for complaining about the unlawful discrimination.

According to an IDHR Notice of Dismissal that the defendants attach to their motion to dismiss, Buford's charge was dismissed for her failure to attend the fact-finding conference, of which she was provided notice. (Defs.' Mot. Dismiss, Dkt. # 25-2, Ex. B at 2.) The Notice of Dismissal indicates that upon inquiry by the IDHR regarding her failure to attend, she "contacted [IDHR] staff and stated that her failure to attend the April 5, 2011 fact-finding conference was because she had forgotten about the conference." (*Id*.) Although Buford was issued a Right-to-Sue letter and timely filed suit, the defendants assert that Buford's

| STATEMENT |
|---|

Title VII and ADA claims should be dismissed for failure to exhaust because she did not attend the fact-finding conference.

In her response to the motion to dismiss, however, Buford asserts that she did not attend the conference because she "misunderstood the arrangement" and was "extremely symptomatic during this time, having been misdiagnosed, and on the wrong medication, and trying to hold on to a new job, while residing in Hilda's Place, an Evanston shelter." (Pl.'s Resp., Dkt. # 49, ¶ 4B.) Equitable tolling is a defense to a failure to exhaust administrative remedies in a Title VII and ADA discrimination case. *Gibson v. West*, 201 F.3d 990, 993 (7th Cir. 2000). Contrary to the defendants' position that Buford "improperly relies upon facts that are not asserted in the Complaint" to explain her non-attendance at the fact-finding conference, failure to exhaust is an affirmative defense which a plaintiff need not anticipate in her complaint. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir.2005). Because a determination on the equitable tolling issue requires resolution of facts outside of the complaint, the Court cannot decide the issue at this stage of the litigation. *Laborers' Pension Fund v. Etolen & Buchanan, Inc.*, No. 10 C 5623, 2012 WL 3581178, at *3 n.1 (N.D. Ill. Aug. 17, 2012) ("[T]he exhaustion of administrative remedies is an affirmative defense more appropriately raised on a motion for summary judgment"). Accordingly, the defendants' motion to dismiss the Title VII and ADA claims for failure to exhaust is denied.

B.      Individual Defendants

To the extent that Buford alleges individual liability under Title VII or the ADA, such claims are barred. *Silk v. City of Chi.*, 194 F.3d 788, 797 n.5 (7th Cir. 1999) (Title VII and ADA provide only for employer liability rather than individual supervisor liability). The motion to dismiss on this ground is granted.

C.      § 1983 Discrimination Claims

The defendants next contend that any claims of discrimination under § 1983 are barred by the two-year statute of limitations. *Draper v. Martin*, 664 F.3d 1110, 1113 (7th Cir. 2011). Buford filed suit on December 29, 2011. In her EEOC charge, Buford claims that she was harassed in October 2009 and terminated on December 23, 2009. (Compl., Dkt. # 9, Ex. B.) Buford makes no argument nor references any facts that would support equitable tolling of the limitations period. While Buford makes reference in her response to the filing of her EEOC charge, the filing of an EEOC charge is not a prerequisite to filing suit under § 1983 and thus does not toll the running of the statute of limitations. *Suarez v. Treater*, No. 1 C 5830, 2002 WL 1888456, at *3 (N.D. Ill. Aug. 16, 2002). Because Buford's claims are based on purported discrimination that occurred more than two years prior to her filing suit, any discrimination claims based on § 1983 are time-barred and the motion to dismiss the § 1983 claims is granted.

D.      Religious Discrimination Claim

The defendants also assert that Buford's claim of religious discrimination must be dismissed because it was not included in the EEOC charge. *Haugerud v. Amery Sch. Dist.*, 259 F.3d 678, 689 (7th Cir. 2001). Buford acknowledges that she did not include religion in her charge as a basis for the purported discrimination and agrees to drop the claim. (Pl.'s Resp., Dkt. # 49, ¶ 6.) The Court construes Buford's statement as a motion to voluntarily dismiss her claim of discrimination based on religion, which is granted.

| STATEMENT |
|---|

E. § 1981 Discrimination Claims

The defendants first claim that Buford has not alleged particularized facts in support of her claim of discrimination by the College or the individual defendants. With respect to the individual defendants, this basis for dismissal is denied. The allegations of discrimination against Yanow and Younger as detailed in the EEOC charge attached to the complaint are sufficient to pass Rule 12(b)(6) muster. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face").

As to the College, however, Buford must allege that the purported discrimination occurred due to an official policy or a widespread practice or that the alleged constitutional injury was caused by a person with final policymaking authority. *McCormick v. City of Chi.*, 230 F.3d 319, 324 (7th Cir. 2000). Buford alleges no facts in support of the latter two ways of demonstrating municipal liability. With respect to an express policy, Buford states in her response that the College's Progressive Discipline Handbook requires supervisors to "maintain a productive work force and to ensure positive employee morale." (Pl.'s Resp., Dkt. # 49, ¶ 9.) She also challenges the manner in which she was disciplined for various infractions, again while citing to the Progressive Discipline Handbook, which states that discipline is "intended to mold, correct, or improve behavior /performance." (*Id.*) But, rather than supporting any claim of municipal liability, these citations contradict any argument that the purported discrimination occurred because of an official policy or widespread practice. Indeed, the citations to the Handbook imply that the individual defendants failed to follow the College's express policies and procedures in disciplining her; thus, Buford's allegations undermine rather than endorse a claim of municipal liability. Accordingly, the motion to dismiss the § 1981 count against the College is granted.

F. Retaliation

Finally, the defendants contend that Buford has failed to properly plead a retaliation claim. Title VII prohibits an employer from retaliating against an employee who has engaged in an activity protected by the Act. *See* 42 U.S.C. § 2000e–3(a). The defendants assert that Buford has not alleged that she engaged in any protected activity. Buford alleges in her complaint that she complained to Human Resources that Younger called an African-American employee a bitch. However, "the Supreme Court has held that it is not reasonable to believe that isolated offensive comments violate Title VII," and thus are not protected activity. *Bunton v. City of Zion*, No. 11 C 3107, 2012 WL 4892847, at *7 (N.D. Ill. Oct. 15, 2012) (concluding that plaintiff's complaint about isolated comments which were not directed at him were insufficient to constitute protected activity for purposes of a retaliation claim). Thus, the complaint to Younger cannot constitute a basis for a retaliation claim.

In her response to the motion to dismiss, Buford asserts that she engaged in statutorily protected activity when she reported her unspecified disability. Buford may supplement her allegations in her response as they are consistent with the allegations in her complaint. *Hentosh v. Herman M. Finch Univ.*, 167 F.3d 1170, 1173 n.3 (7th Cir. 1999) (plaintiff may add allegations by an affidavit or a brief in order to defeat a motion to dismiss only if the new facts are consistent with the allegations in the complaint). Nevertheless, this assertion, that she was *retaliated* against for reporting her disability, is beyond the scope of her EEOC charge as she does not mention her disability in relation to her claim of retaliation.[2] Even if it within the scope of the charge, Buford does not allege that she opposed or complained about disability discrimination. *Ryan v. Pace Suburban Bus Div. of Reg'l Transp. Auth.*, No. 11 C 1257, 2012 WL 5077725, at *6 (N.D. Ill. Oct. 18, 2012) ("The ADA only prohibits retaliation for opposing or complaining about disability

| STATEMENT |
|---|
| discrimination."). Because Buford alleges no protected activity, the motion to dismiss the retaliation claim is granted.<br>    For these reasons, the motion to dismiss [24-1] is granted in part and denied in part. |
| |

1. On November 14, 2012, the Court granted Buford's motion to voluntarily dismiss the claims against Gregory James and Ramona Ellyin.

2. Her claims of harassment and discrimination based on her alleged disabilities remain.